UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLTON C. JONES,

                Petitioner,

-vs-                                                    Case No.  8:05-cv-1931-T-24TMB

JAMES V. CROSBY, JR.,

                Respondent.
_____

## **ORDER**

      This cause is before the Court on Petitioner Carlton Jones' 28 U.S.C. § 2254 petition for writ of habeas corpus.  Jones challenges his conviction and sentence entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida.  Defendants responded to the petition and filed a motion to dismiss the petition as a mixed petition containing exhausted and unexhausted claims. (Doc. No. 9).  Jones did not file a reply to the response.

BACKGROUND

      On August 24, 2004, Petitioner pled guilty to grand theft and aggravated battery in Case No. 04-12413. (Exhibit 1). The state trial court sentenced Jones to 41.325 months incarceration

on the grand theft count, and to 41.325 months incarceration as a habitual felony offender on the aggravated battery count, with the sentences running concurrently.[1] (Exhibit 2).

Jones did not appeal the conviction and sentence. However, he filed pro se motions to withdraw his guilty plea on September 10 and 15, 2004. (See Rule 3.170 of the Florida Rules of Criminal Procedure). (Exhibit 3). On November 18, 2004, the state trial court dismissed both motions. (Exhibit 4). The court determined the motions were a nullity because Jones was represented by counsel at the time the motions were filed. Jones did not appeal this ruling.

On March 25, 2005, Jones filed a pro se motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Exhibit 6). Jones raised three grounds for relief: (1) the State failed to disclose favorable evidence to Jones; (2) trial counsel was ineffective; (3) Jones was denied the right to appeal.

On April 14, 2005, Jones filed a motion to correct sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. (Exhibit 5). In the motion, Jones sought additional jail time credit.

On July 22, 2005, the state trial court entered an order that read, in part:

> It is therefore **ORDERED AND ADJUDGED** that grounds 1 and 2 (in part) of Defendant's Motion for Post-Conviction Relief and Defendant's Motion To Correct Illegal Sentence Jail Time are hereby **DENIED**, and that grounds 2 (in part) and 3 of Defendant's Motion for Post-Conviction Relief are hereby Dismissed.

(Exhibit 7).

A review of the state trial court's case progress docket reveals that Jones never appealed the adverse ruling on these motions. (Exhibit 8).

---

[1] In Exhibit 7, the state trial court reiterates that Jones was sentenced to 41.325-month sentences to run concurrently.

Jones signed the present federal petition for writ of habeas corpus on August 12, 2005. He filed the petition in the Northern District of Florida on August 16, 2005. (Doc. No. 1) That Court transferred the case to the United States District Court for the Middle District of Florida, Tampa Division. Jones raises four grounds for relief: (1) the State failed to disclose evidence favorable to Jones; (2) trial counsel was ineffective; (3) Jones was denied participation in discovery; (4) Jones was denied the right to appeal.

## DISCUSSION

A review of the record demonstrates that the petition is a mixed petition containing exhausted and unexhausted claims.

In ground four, Jones complains he was denied the right to a direct appeal. He improperly raised this claim in his Rule 3.850 motion, and the claim was dismissed by the trial court for lack of jurisdiction, because such claims must be pursued in the appellate court in which the appeal was or should have been taken. The trial court's order dismissing this claim reads:

> He further claims he left several messages for Mr. Blum requesting to appeal his sentences. However, pursuant to Florida Rule of Appellate Procedure 9.141(c)(2), "petitions seeking belated appeal ... shall be filed in the appellate court to which the appeal was or should have been taken." Therefore, this Court is without jurisdiction to rule [on] this portion of ground 2.
>
> In ground 3, Defendant claims he was denied his right to appeal. Specifically, Defendant claims he made unsuccessful attempts to make contact with his defense counsel to request that he file an appeal. He claims that he wrote letters, made phone calls, and made verbal requests, all of which went unacknowledged. However, as previously explained in ground 2 above, pursuant to Florida Rule of Appellate Procedure 9.141(c)(2), "petitions seeking belated appeal ... shall be filed in the appellate court to which the appeal was or should have been taken." Therefore, this Court is without jurisdiction to rule on ground 3.

(Order Denying, In Part, and Dismissing, in Part, Motion for Postconviction Relief and Motion

to Correct Illegal Sentence Jail Time Credit at pp. 3-4).

Ground four is not exhausted because Jones is still within the time period for seeking a belated appeal in the appropriate district court of appeal. Rule 9.141(b)(4) of the Florida Rules of Appellate Procedure provides a two-year time period for seeking a belated appeal: (4) **Time Limits**.

> (A) A petition for belated appeal shall not be filed more than 2 years after the expiration of time for filing the notice of appeal from a final order, unless it alleges under oath with a specific factual basis that the petitioner
>
> (i) was unaware an appeal had not been timely filed or was not advised of the right to an appeal; and
>
> (ii) should not have ascertained such facts by the exercise of reasonable diligence.
>
> * * *
>
> (C) Time periods under this subdivision shall not begin to run prior to January 1, 1997. Fla. R. App. P. 9.141(b)(4).

In this case, the two-year period did not commence until September 23, 2004, thirty days after Jones was sentenced on August 24, 2004. See Gust v. State, 535 So. 2d 642 (Fla. 1st DCA 1988) (holding that when a defendant does not appeal his conviction or sentence, the judgment and sentence become final when the 30-day time period for filing an appeal expires). Jones has not identified the issue or issues he would have raised on direct appeal if his attorney had filed a timely notice after being requested to do so. Consequently, it cannot be determined whether Jones is entitled to pursue a direct appeal under the circumstances applicable to guilty and nolo contendere pleas under Florida's rules of appellate procedure.

See Fla. R. App. P. 9.140(b)(2)(A)(ii).[2]

In any event, from the limited information contained in the federal petition, it appears Jones still has an available avenue for seeking relief in state court by petitioning the state district court of appeal for a belated appeal. It is well settled that "federal district courts must dismiss 'mixed' habeas corpus petitions--those containing both unexhausted and exhausted claims." Pliler v. Ford, 542 U.S. 225, 227 (2004) (citing Rose v. Lundy, 455 U.S. 509 (1982)).

This Court will grant Respondent's motion to dismiss the petition, without prejudice. Jones then has two options available to him: 1) he can abandon ground four and immediately file a new petition with a new case number in this Court, proceeding on grounds one, two, and three; or 2) he can return to state court and pursue exhaustion of ground four prior to filing his new federal petition in this Court. Jones should be aware, however, that if he chooses option two, any subsequent petition filed in this Court may be untimely and subject to dismissal under the one-year limit provided in 28 U.S.C. § 2244(d). The United States Supreme Court recently addressed this concern in Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 1535 (2005):

> The enactment of AEDPA in 1996 dramatically altered the landscape for federal habeas corpus petitions. AEDPA preserved Lundy's total exhaustion requirement, see 28 U.S.C. § 2254(b)(1)(A) [28 U.S.C.S. § 2254(b)(1)(A)] ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"), but it also imposed a 1-year statute of limitations on the filing of federal

---

[2] Fla. R. App. P. 9.140(b)(2)(A)(ii)(ii) provides:

**Appeals Otherwise Allowed**. A defendant who pleads guilty or nolo contendere may otherwise directly appeal only

a. the lower tribunal's lack of subject matter jurisdiction;
b. a violation of the plea agreement, if preserved by a motion to withdraw plea;
c. an involuntary plea, if preserved by a motion to withdraw plea;
d. a sentencing error, if preserved; or
e. as otherwise provided by law.

> petitions, § 2244(d). Although the limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review," § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations, Duncan, supra, [533 U.S.] at 181-182, 150 L. Ed. 2d 251, 121 S. Ct. 2120.

Rhines, 125 S. Ct. at 1535.

Accordingly, the Court orders:

That Respondent's motion to dismiss the petition (Doc. No. 9) is granted. The petition is dismissed, without prejudice. The Clerk is directed to enter judgment against Jones and to close this case.

ORDERED at Tampa, Florida, on April 18, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Counsel of Record

Carlton C. Jones